UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

CIVIL ACTION NO. 12-507-KKC

DEBORAH K. JENNINGS,                                             PLAINTIFF,

V.                                   **ORDER**

UNIVERSITY OF TENNESSEE-KNOXVILLE, et al.                 DEFENDANTS.

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the University of Tennessee-Knoxville's motion to dismiss plaintiff's Title VII and ADA claims pursuant to Rule 12(b)(6) (R. 11) and Defendant Dave Hart's motion to dismiss (R. 13) plaintiff's claims brought under the Tennessee Human Rights Act. For the following reasons, the Court will deny both pending motions as moot.

## BACKGROUND

Plaintiff Deborah K. Jennings filed suit against Defendants University of Tennessee-Knoxville and Dave Hart following her tenure in the athletic department. She alleges in her Complaint that she was forced to retire and brings numerous claims against the Defendants for wrongful termination, gender and age discrimination, and retaliation. Her claims arise under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000, *et. seq*. and the Americans with Disabilities Act, 42 U.S.C. § 1201, *et. seq*. in addition to various state law claims.

## DISCUSSION

With regard to the first pending motion, the Court finds the basis for dismissal is now moot. The Defendant University of Tennessee-Knoxville argued the Court should dismiss Plaintiff's Title VII and ADA claims and stay her remaining claims until she exhausts her administrative remedies. In support, they argued that the Plaintiff failed to obtain "right to sue" letters, which are a statutory pre-requisite to suit under both Title VII and the ADA. *See Mayers v. Sedgwick Claims Mngmt. Servs., Inc.*, 101 Fed. App'x 591, 593 (6th Cir. 2004).

1

The Court recently granted the Plaintiff's unopposed motion to amend the complaint. *See* R. 35. Attached to the Amended Complaint are timely filed "right to sue" letters related to both her claims under the Equal Employment Opportunity Commission (EEOC) and Americans with Disabilities Act (ADA). This filing renders the Defendant's motion to dismiss on this basis moot.

With regard to the second pending motion, the Court also concludes this matter is now moot. Defendant Dave Hart moved to dismiss pursuant to Rule 12(b)(6) all of Plaintiff's claims arguing that he was immune from liability and that charges brought against him for aiding and abetting liability under Tennessee law were within the scope of his supervisory duties. Subsequently, Hart filed a stipulation and consent to be sued in federal court on the Plaintiff's Tennessee Human Rights Act claims that were asserted against him and he agreed to waive any immunity. *See* R. 27. The court concludes this subsequent stipulation also renders this previously filed motion moot.

Accordingly,

**IT IS ORDERED** that both Defendant University of Tennessee-Knoxville's motion to dismiss (R. 11) and Defendant Dave Hart's motion to dismiss (R. 13) are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the telephonic status conference set for August 20, 2013 is **CANCELLED** and will be rescheduled should the need arise.

**IT IS FURTHER ORDERED** that the parties should meet and report in accordance with Rule 26(f) following the Defendants' anticipated answers to the recently filed Second Amended Complaint. The Court advises the parties to file a joint status report with a proposed discovery plan following their Rule 26 conference.

Dated this 2nd day of August, 2013.

Signed By:
*Karen K. Caldwell*
United States District Judge