UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

CIVIL ACTION NO. 12-507-KKC

DEBORAH K. JENNINGS,                                                    PLAINTIFF,

V.                 **MEMORANDUM OPINION & ORDER**

UNIVERSITY OF TENNESSEE-KNOXVILLE, et al.            DEFENDANTS.

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on Defendant Dave Hart's partial motion to dismiss (DE 13) in which he requests that the Court dismiss two claims asserted against him: an aiding and abetting claim under Tenn. Code Ann. § 4-21-301(2) and a retaliation claim under Tenn. Code Ann. § 4-21-301(1). For the following reasons, the Court will grant in part and deny in part the defendant's motion.

## BACKGROUND

This case stems from a discrimination suit against the University of Tennessee-Knoxville and Athletic Director Dave Hart brought by a number of employees and former employees. It is related to 12-CV-534, *Schlosser, et al. v. University of Tennessee*. Deborah K. Jennings filed suit against the University of Tennessee-Knoxville and Dave Hart following her retirement from the university's athletic department. In her complaint, Jennings alleges that she was forced to retire, and was therefore wrongfully terminated from her employment not only because of her age and gender, but also in retaliation for her complaints regarding discrimination in the workplace. Her claims arise under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000, *et. seq.*, the Americans with Disabilities Act, 42 U.S.C. § 12101, *et. seq.*, and various state law claims under the Tennessee Human Rights Act (THRA), Tenn. Code Ann. § 4-21-101, *et seq.*

1

Hart moves for dismissal under Rule 12(b)(6) for failure to state a claim for relief regarding the claim of individual aiding and abetting under Tenn. Code Ann. § 4-21-301(2) arguing that his actions were within the scope of his supervisory duties and that the Complaint fails to allege conduct by Hart that aids or abets discrimination by the University. Second, Hart moves to dismiss the retaliation claim under Tenn. Code Ann. § 4-21-301(1) on the ground that he cannot be individually liable under the THRA for any actions that are within the scope of his employment.

## STANDARD OF REVIEW

To avoid a 12(b)(6) dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The court must view the allegations in the complaint in the light most favorable to the plaintiffs, treating all well-pleaded facts as true, but need not accept bare legal conclusions as definitive. *See Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)). Based on this standard, the Court addresses Defendant Hart's challenge that the Complaint fails to state a claim for relief under the Tennessee Human Rights Act.

## DISCUSSION

The crux of Defendant's argument is that at all times he was acting as the University's agent and within the scope of his supervisory duties, and therefore cannot be held individually

2

liable under the THRA.  As a general rule, the THRA does not allow for the imposition of personal liability because an individual is not an employer.  *Hajizadeh v. Vanderbilt Univ.*, 879 F. Supp. 2d 910, 928 (M.D. Tenn. 2012).  Exceptions exist, however, under § 4-21-301, which permit imposing personal liability in cases such as this where a plaintiff alleges that the defendant engaged in retaliatory acts or aided and abetted discrimination. *See Emerson v. Oak Ridge Research, Inc.*, 187 S.W.3d 364, 377 (Tenn. Ct. App. 2005).

Plaintiff's allegations as set forth in the amended complaint fail to state a claim against Hart for aiding and abetting discrimination.  In order to prevail on a theory of aiding and abetting under the THRA, a plaintiff must allege "affirmative conduct" that is "separate and distinct from acting as a supervisor." *Pigott v. Battle Ground Academy*, 909 F. Supp. 2d 949, 968 (M.D. Tenn. 2012); *Dobson v. City of Gallatin*, 2006 WL 3805659, at *15 (M.D. Tenn. Dec. 22, 2006).  A plaintiff cannot prevail on a theory of aiding and abetting liability under the THRA "based on the individual defendant's own discriminatory acts." *Pigott*, 909 F. Supp. 2d at 968 (quoting *Jenkins v. Nashville Pub. Radio*, 2005 WL 3358871, at *7 (M.D. Tenn. Dec. 9 2005)). *See also Crutchfield v. Aerospace Ctr. Support*, 1999 WL 1252899, at *2 (6th Cir. Dec. 14, 1999) (unpublished). Nor is it sufficient to allege that an individual aided and abetted discrimination through "a failure to act or mere presence during the employer's discrimination." *McNeail-Tunstall v. Marsh USA*, 307 F. Supp. 2d 955, 974 (W.D. Tenn. 2004).  Rather, the THRA requires an affirmative act such as "thwart[ing] an investigation into discriminatory conduct." *Pigot*, 909 F. Supp. 2d at 968.  In this way, liability for aiding and abetting under the THRA mirrors civil law accomplice liability. *See Pigott*, 909 F. Supp. 2d at 968; *McNeail-Tunstall*, 307 F. Supp. 2d at 974.

3

Jennings's Amended Complaint does not allege any kind of conduct distinct from Hart's role as a supervisor. The Amended Complaint includes a history of the Lady Vols and details Jennings's long career in the athletic department. Yet, only one paragraph in the entire complaint even references the aiding and abetting claim. In that singular paragraph, Jennings summarily alleges that Hart "aided, abetted, intended compelled or commanded UT-K in engaging in discriminatory and retaliatory conduct herein alleged . . . and his actions prevented the employer from taking corrective action." (DE 35, Second Am. Complt. ¶ 217). Jennings does not, however, allege that Defendant Hart aided and abetted the University in discrimination through acts that are *distinct* from those taken in his supervisory role, which included hiring and firing athletic department employees. In forcing Jennings to retire, as she alleges, Hart cannot be said to have aided and abetted his own discriminatory conduct. *See Pigott*, 909 F. Supp. 2d at 968.

Plaintiff further contends that Defendant's refusal to listen to her complaints about discriminatory behavior constitutes aiding and abetting insofar as it "prevented the employer from taking corrective action." (DE 22 p. 21-22). Mere silence or a failure to act, however, is insufficient to establish aiding and abetting liability under the THRA. *See McNeail-Tunstall*, 307 F. Supp. 2d at 974 (noting that "a failure to act" is insufficient to establish aiding and abetting liability). Just as with civil accomplice liability, Plaintiff must allege affirmative acts by the Defendant, and a failure to respond to her complaints does not suffice.

This Court, however, does not agree with the defendant that he cannot be held individually liable for a retaliation claim. Jennings has stated a claim for retaliation under the THRA. The Complaint alleges that in retaliation for her prior complaints about workplace discrimination, Hart "forced her to retire." (DE 35, Second Am. Complt. ¶ 217). As noted

4

above, an individual can be held liable for retaliation under the THRA. *See Emerson*, 187 S.W.3d at 377 ("In this case the allegation is retaliation rather than aiding and abetting, both of which practices fall under Tenn. Code Ann. § 4-21-301, so individual liability may be had for either violation."). This is true even when the retaliatory act is within the delegated duties of the supervisor. *See, for example, Emerson*, 187 S.W.3d at 376-77 (allowing a claim for retaliatory discharge).

Plaintiff alleges that she sent an email to Hart referencing her complaints about the consolidation of the athletic departments and what she perceived to be the unfair treatment of Coach Pat Summit. She further alleges she was subsequently marginalized and told she did not need to attend staff meetings. She states she was not informed she was "insubordinate" until after her retirement. Construing the facts in the light most favorable to Plaintiff, Defendant Hart can be held individually liable for retaliation. A jury could conclude that he decided Plaintiff should be terminated because of her complaints about discrimination.

Accordingly,

**IT IS ORDERED** that Defendant Dave Hart's motion to dismiss (DE 13) is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. The motion is granted to the extent Defendant Hart requests that the aiding and abetting claim against him be dismissed, and that claim is **DISMISSED.**

2. The motion is otherwise **DENIED.**

Dated this 26th day of September, 2013.



Signed By:
*Karen K. Caldwell*
United States District Judge